NOTE—This opinion is a substitute for the one in Vol. 7, page 51, by the same title.

HILLSIDE BUS OWNERS ASSOCIATION AND JOSEPH NOON ET AL., PROSECUTORS, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY AND THE PUBLIC SERVICE CO-ORDINATED TRANSPORT, RESPONDENTS.

Submitted October term, 1928—Decided January 11, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Nicholas S. Schloeder.*

For the respondents, *William H. Speer* and *John W. Queen.*

PER CURIAM.

This writ brings before us the judgment of the board of public utility commissioners approving the consents of the township of North Bergen and the borough of Cliffside Park to re-route, in part, a portion of the buses operated by the Public Service Co-ordinated Transport.

. Forty-three buses were operating under municipal consents and approval of the board of public utility commissioners, known as the Hillside Line, from Fourteenth street, Hoboken, to Lafayette and Anderson avenues, in Cliffside Park. Of these, thirty-three were owned and operated by the Public Service Co-ordinated Transport and the remaining ten by individual operators, called independents, who have associated themselves as the Hillside Bus Owners Association. The prosecutor Joseph Noon being one of such individual owners and operators.

Consents were obtained from the township of North Bergen and the borough of Cliffside Park by the Public Service Co-ordinated Transport to re-route a portion of its buses so that they should run over the original route from the Fourteenth street ferry, Hoboken, to Bergenline avenue and Hudson County Boulevard, and from such point should operate over Bull's Ferry road to Palisade avenue and thence along same to its junction with the Hudson river trolley line in Fort Lee.

The actual change in route is in Bergen county. The old route extending through Anderson avenue northwardly and the new route through Palisade avenue, the two avenues paralleling each other; Palisade avenue being to the east of Anderson avenue and a trolley line known as the Palisade line operating over a right of way between the two avenues.

Prosecutors urge four grounds or reasons for setting aside the judgment or order.

The first is that the board of public utility commissioners was without authority or jurisdiction to make the order in question because the municipal consents did not particularize or specify the particular buses or specific consents theretofore granted which were the subjects of the re-routing and that this was necessary to be incorporated in such municipal consents and likewise in the order of judgment under review.

We do not reach this result but on the contrary conclude that the point is legally not well taken.

The second is that the judgment under review fails to fix just and reasonable standards, classification, regulations, practices and services to be furnished, imposed or observed and permits the Public Service Co-ordinated Transport to give undue and unreasonable preference and advantage to itself and subjects the prosecutors to prejudice and disadvantage.

The contention here seems to be that there is nothing to prevent the Public Service Co-ordinated Transport from re-routing, from time to time, such number of buses as it may desire to take the large travel from Palisades Amusement Park and when that travel falls off or does not exist to cut down the number of buses it will operate on Palisade avenue and send them back into operation on Anderson avenue to the disadvantage and loss of the prosecutors.

As a matter of fact, from the proofs, this would seem unlikely. Anderson avenue is some considerable distance from the entrance to the amusement park and the bulk of the travel, north and south, to and from it is by means of the Palisade trolley line. The park is open only three months in each year.

The further answer against this contention is that it would be difficult at the outset for the board to determine how many buses it would be necessary to operate on Palisade avenue to meet the convenience and necessity of the traveling public. Time and operation alone can safely and properly determine that question.

It will be noted that the judgment, by its terms, is "revocable for violation of the board's rules, regulations or conditions or for other good cause," and without this reservation the situation anticipated, although not presently existing, if it does arise will present a proper ground for appeal to the board and a regulation in that direction.

The third ground is that there was before the board no approval of such re-routing by the borough of Fairview.

Of this, however, prosecutors cannot complain. They are not affected thereby. At least the record before us does not show in any manner they are injured.

The fourth and last ground is that there was not presented

any consent by the borough of Cliffside Park to a reduction of service on the Palisade trolley line.

We are unable to see how this has any bearing upon the matter before us. In fact we find nothing in the record before us suggesting such reduction of service.

The judgment under review is affirmed and the writ of *certiorari* is dismissed, with costs.